In the United States District Court
for the
Western District of Texas

| | |
|---|---|
| AT&T Corp. | §<br>§<br>§  SA-13-CV-644-XR<br>§<br>§<br>§ |
| v. | |
| Park I-10 Motors, Inc. | |

ORDER

On this day came on to be considered Defendant's Motion to Strike Plaintiff's Expert (docket no. 32).

**Background**

This case was filed on July 16, 2013, and was assigned to the Honorable David Ezra. In the Original Complaint AT&T alleges that Defendant requested and AT&T agreed to provide telecommunication services, including Managed Internet Services. AT&T alleges that Defendant has failed to pay various amounts due and brings a cause of action for breach of contract and Quantum Meruit/Unjust Enrichment. Park I-10 Motors filed counter-claims alleging breach of contract, unjust enrichment, negligent misrepresentation and fraud.

On February 11, 2014, the Court entered a Scheduling Order that required all parties asserting claims for relief to file their designation of testifying experts by February 21, 2014. Parties resisting claims for relief were required to file their designation of testifying experts by April 7, 2014.

In its motion to strike Park I-10 alleges that AT&T did not designate any experts by the February 21, 2014 deadline and designated Seth Brubaker as a testifying expert on April 7, 2014. Park I-10

requests that Mr. Brubaker be stricken as an expert because AT&T is the party asserting claims for relief and it designated Mr. Brubaker late.

AT&T responds that Plaintiff's motion should be denied because it failed to confer before the filing of this motion as required by WDTX Local Rule CV-7(i).[1]  Alternatively, AT&T argues that its expert designation was not untimely because the expert addresses Defendant's counterclaims and parties resisting claims for relief were not required to designate experts until April 7, 2014.

By way of background the Court notes that various discovery disputes have arisen in this case. See Defendant's motion to quash deposition (dkt. No. 12), Plaintiff's motion to order production of Defendant's business records with Time Warner Cable (dkt. No. 22), Plaintiff's motion to compel responses to interrogatories (dkt. No. 31), Plaintiff's motion to quash Saturday deposition notice (dkt. No. 48).  On June 23, 2014, Judge Ezra recused himself from this case and this case was reassigned to the undersigned judge.

The current discovery deadline is July 14, 2014, the current dispositive motion deadline is August 15, 2014, and this matter has no trial setting.

**Analysis**

As stated above, Defendant filed counterclaims asserting breach of contract, negligent misrepresentation, fraud, and unjust enrichment.  Although Plaintiff filed some of these same claims, the scheduling order plainly allows a party resisting claims for relief to file its designation of testifying experts by April 7, 2014.  AT&T met this requirement.  Mr. Brubaker has opined that the services provided to the customer were properly installed and functioning, any exceptions were resolved, and

---

[1] As indicated below, given the various discovery disputes in this case, the parties disagree as to whether they conferred regarding this matter prior to the motion to strike being filed.

there was no evidence that the customer was not receiving the appropriate internet connection speeds. This testimony attempts to refute some of the Defendant's counterclaims.

Even if the designation is untimely, however, the Court finds that the motion to strike should be denied under the four-part test set forth in *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1000 (5th Cir. 1998) (court considers (1) the explanation by the party who failed to comply with the deadline; (2) the prejudice to the party opposing the expert designation; (3) the possibility of curing any prejudice with a continuance; and (4) the importance of the witness's testimony). Although the discovery deadline has not yet expired in this case, the Court will re-set the discovery deadline and dispositive motion deadline in this case to avoid any prejudice to the Defendant in deposing Mr. Brubaker in the event that such deposition has not yet taken place. The Court will also set a trial date. The parties are ordered to confer on these dates and propose to the Court agreed upon dates. The proposed trial date should be at least ninety days after the proposed dispositive motion deadline. In the event the parties are unable to agree to such dates, each party should file its own advisory with the Court no later than July 18, 2014.

## Conclusion

Defendant's motion to strike expert (dkt. No. 32) is denied.

SIGNED this 3rd day of July, 2014.

XAVIER RODRIGUEZ

UNITED STATES DISTRICT JUDGE