UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AT&T CORP., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  SA-13-CV-644-XR |
| | § | |
| PARK I-10 MOTORS, | § | |
| | § | |
| Defendant, | § | |
| | § | |

**ORDER**

On this date, the Court considered AT&T's Opposed Motion to Continue and Amend the Scheduling Order (docket no. 120), AT&T's "Opposed Motion in Limine to Exclude Testimony Regarding Park I-10's Status as a Consumer under the Texas Deceptive Trade Practices Act" (docket no. 114), and Park I-10's Motion in Limine (docket no. 113) item number 9.

**Background**

On September 5, 2014, Park I-10 moved for leave to amend its counterclaims.  The motion was referred to a Magistrate Judge, who recommended denying the motion.  Park I-10 objected and this Court eventually granted the motion for leave to amend the counterclaims on October 20, 2014.

The amended counterclaims added a DTPA claim asserting various laundry list violations. Docket no. 93.  Because neither AT&T nor the Magistrate Judge had addressed prejudice in considering the motion for leave to amend, this Court stated that it would consider a continuance or other measures to alleviate any prejudice AT&T might demonstrate.  At the time the Court granted leave to amend, discovery had just closed on October 16, 2014, though the motion to amend had

1

been filed well before the close of discovery and Park I-10 stated that it would not oppose further discovery on the DTPA claims.

On November 20, a month after leave to amend was granted, AT&T filed an opposed motion to amend the scheduling order and reset the trial date. AT&T argued that the amended counterclaims added "several new factual and legal issues" including Park I-10's consumer status under the DTPA, causation, and the alleged damages. AT&T noted that *Eckman v. Centennial Savings Bank*, 784 S.W.2d 672, 674-75 (Tex. 1990) places the burden on the DTPA defendant to plead and prove the applicability of the $25 million exception to DTPA consumer status as an affirmative defense. Park I-10 opposed the continuance of the trial date, agreeing to provide a "financial statement evidencing [Park I-10's] status as a consumer under the DTPA" under a confidentiality agreement. On December 1, the Court extended the discovery deadline for the DTPA claims until January 12, 2015 and the deadline for filing dispositive motions for the DTPA claims to January 14. The Court did not re-set the February 2, 2015 trial date because there was sufficient time for AT&T to conduct discovery on the newly added DTPA claim. Docket no. 106.

In extending the discovery deadline on December 1, the Court stated that "AT&T may conduct discovery relevant to the new DTPA claim, including a 30(b)(6) deposition if warranted." Docket no. 106. On December 11, AT&T noticed a 30(b)(6) deposition for Park I-10, with the first item being Park I-10's status as a consumer under the DTPA. The deposition was held December 17 with Park I-10's designated corporate representative Art Kiolbassa. AT&T contends that Kiolbassa was not an appropriate witness for this issue because he did not know any details about Park I-10's assets and instead relied upon a conclusory statement from Park I-10's accountant. Kiolbassa identified the accountant as a better witness for the asset exclusion issue and also noted

that Nader Zabihian sees the company's financial statements. AT&T did not seek another 30(b)(6) deposition with the accountant or Zabihian, nor did it seek any other relief from the Court before the close of discovery on January 12.

Instead, on January 14, AT&T filed a motion in limine seeking to prevent Park I-10 from introducing any evidence as to its consumer status, asserting that Park I-10 had refused to produce documents and failed to produce an appropriate 30(b)(6) witness. Docket no. 114 at 5 ("Given Park I-10's refusal to properly disclose documents or provide any testimony regarding Park I-10's status as a consumer under the DTPA, it would be highly prejudicial to allow Park I-10 to offer any testimony regarding its status as a consumer under the DTPA."). AT&T contends that Kiolbassa knew that Park I-10 had to have less than $25 million in assets to qualify as a consumer for the DTPA, but he testified that he did know about Park I-10's assets. AT&T says the only evidence Kiolbassa provided during the deposition was a three-line letter from Park I-10's accountants (who had not been previously disclosed) and that this statement is inadmissible hearsay. AT&T notes that Park I-10 never produced a financial statement, but AT&T does not indicate whether it requested the statement or any other documents from Park I-10 that Park I-10 then refused to produce. AT&T argues that it would suffer undue prejudice if Park I-10 or its accountant are permitted to testify about Park I-10's consumer status.

On January 16, AT&T filed a motion to continue and to amend the scheduling order to allow it to conduct further DTPA discovery, including the deposition of Mr. Zabihian. AT&T contends that, if the Court does not exclude Park I-10 from putting on evidence of its consumer status, the Court should allow a continuance for AT&T to conduct DTPA consumer discovery or it will suffer prejudice. AT&T again complains that Park I-10 never produced the financial statement that it said

it would provide in opposing its first motion to continue, and that the only document it has received is the three-line letter from the accountant. AT&T further asserts that, "given AT&T's inability to complete discovery related to Park I-10's DTPA claim, the Court should also hold any ruling on AT&T's Motion for Partial Summary Judgment (DTPA) in abeyance until Mr. Ahmad Zabihian is deposed."

Park I-10 has also filed motion in limine item 9, which seeks to exclude "[a]ny mention of the value of Park I-10 Motors, Inc.'s assets, which can be an indicator of wealth; such evidence is irrelevant and prejudicial." Docket no. 113. AT&T opposes the motion in limine, stating "AT&T has a defense to Park I-10's DTPA claim to which AT&T needs to inquire into the wealth and assets of Park I-10. See Hugh Symons Group v. Motorola, Inc., 292 F.3d 466 (5th Cir. 2002), see also Eckman v. Centennial Sav. Bank, 784 S.W.2d 672 (Tex. 1990)." Docket no. 118.

## Applicable Law

The elements of a DTPA claim are: "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Doe v. Boys Clubs of Greater Dallas, Inc*., 907 S.W.2d 472, 478 (Tex. 1995). Pursuant to § 17.45(4), "consumer" means an individual, partnership, corporation, this state, or a subdivision or agency of this state who seeks or acquires by purchase or lease, any goods or services, except that the term does not include a business consumer that has assets of $25 million or more, or that is owned or controlled by a corporation or entity with assets of $25 million or more. Under § 17.45(10), "business consumer" means an individual, partnership, or corporation who seeks or acquires by purchase or lease, any goods or services for commercial or business use. The term does not include this state or a subdivision or agency of this state. "Assets" for the purposes of §

17.45(4) means "gross assets." *Hugh Symons Group v. Motorola, Inc.*, 292 F.3d 466, 469 (5th Cir. 2002).

The DTPA plaintiff (here Park I-10) has the burden to prove consumer status, but AT&T has the burden to prove the asset limitation exception as an affirmative defense. *Eckman v. Centennial Sav. Bank*, 784 S.W.2d 672 (Tex. 1990). AT&T pleaded as an affirmative defense that "Park I-10 is not a 'Consumer' as defined under Tex. Bus. & Com. Code Section 17.45(4)." Docket no. 100 ¶ 12. According to *Eckman*, "whenever possible, trial courts and parties should attempt to resolve the applicability of the $25,000,000 exception prior to trial." *Eckman*, 784 S.W.2d at 675. The trial court ordinarily decides consumer status as a question of law. *Fireman's Fund Ins. Co. v. Murchison*, 937 F.2d 204 (5th Cir. 1991); *see also Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 925-25 (Tex. 2013) ("The parties agree that a party's status as a consumer is typically a question of law for the courts to decide.").

**Analysis**

Park I-10 has not yet had an opportunity to respond to AT&T's motions. While it does appear that Park I-10 failed to produce an adequately prepared witness for the DTPA consumer issue, any prejudice from that failure at this point is due to AT&T's lack of diligence. Park I-10 was granted leave to amend to add the DTPA claim on October 20. AT&T waited a month – until November 20 – to ask for an amendment to the scheduling order to allow it to conduct discovery. The Court granted the motion on December 1, extending the discovery deadline until January 12. The Court did not limit the type of discovery available to AT&T. Between December 1 and January 12, it appears that AT&T only noticed the 30(b)(6) deposition, which occurred December 17. Although discovery did not close until January 12, AT&T did not ask Park I-10 to designate a

different 30(b)(6) witness, despite knowing that Kiolbassa stated that Zabihian could be appropriate. AT&T does not demonstrate that it conducted *any* other discovery or requested any other documents, including a financial statement, between December 1 and January 12. Nor did it seek any relief from the Court.

Instead, AT&T has waited until the eve of trial to essentially seek death penalty sanctions on Park I-10's DTPA claim or to force a continuance for it to conduct discovery that it already had ample time to conduct. AT&T did not take advantage of the time already provided for discovery, and should have raised the issues with discovery much sooner. The Court will not reward it for its dilatory behavior by granting its motion in limine or by continuing the trial date. AT&T's motion in limine (docket no. 114) is DENIED, and AT&T's motion for continuance and to amend the scheduling order is DENIED except as discussed below.

The proper vehicle for analyzing the issue is Federal Rule of Civil Procedure 37. *See Jackson v. Fed. Express Corp.*, No. 3:03-DV-2341-D, 2006 WL 2068009 (N.D. Tex. June 14, 2006) (treating motion in limine as one filed under Rule 37). Federal Rule of Civil Procedure 37(b)(2)(A) provides: "If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in

part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."

As noted, Park I-10 has not had an opportunity to respond to the motions. Park I-10's failure to produce a proper, prepared Rule 30(b)(6) witness on the issue of its consumer status would be a failure to comply with Rule 30(b)(6). Under Rule 37, the court has broad discretion in determining the appropriate sanctions for a party who fails to comply with court orders. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012). This discretion, however, is limited. "[U]sually, ... a finding of bad faith or willful misconduct [is required] to support the severest remedies under Rule 37(b)—striking pleadings or dismissal of a case." *Id.* (quoting *Chilcutt v. United States*, 4 F.3d 1313, 1320 (5th Cir. 1993)). The sanction of dismissal is "authorized only when the failure to comply with the court's order results from willfulness or bad faith ... [and] where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions." *Smith v. Smith*, 145 F.3d 335, 344 (5th Cir.1998) (internal quotation marks and citation omitted). "The reviewing court may also consider whether the discovery violation prejudiced the opposing party's preparation for trial, and whether the client was blameless in the violation." *United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003).

AT&T's motion is insufficient to support the drastic sanction of precluding Park I-10 from putting on evidence of its consumer status, since that sanction equates to dismissal of the claim. The Court will not issue lesser sanctions before Park I-10 has an opportunity to respond.

Regardless, the Court finds it appropriate for AT&T to conduct another 30(b)(6) deposition on the issue of whether Park I-10 has assets that exceed $25 million. Where corporate designees are not prepared to testify on the topics about which they are to be questioned, it is appropriate that the

court order the corporation to re-designate witnesses and mandate their preparation for the renewed deposition. *See Calzaturficio S.C.A.R.P.A. s.p.a v. Fabiano Shoe Co.*, 201 F.R.D. 33, 41 (D. Mass. 2001). This deposition shall occur as soon as possible, and no later than **January 25, 2015**. The Court will consider arguments concerning sanctions and who should pay for the additional deposition at the pretrial conference. In addition, Park I-10 shall produce to AT&T a financial statement that includes its gross assets no later than **January 23, 2015**.

As directed by *Eckman*, the issue of Park I-10's consumer status will be decided by the Court as a matter or law prior to trial unless there are underlying fact issues that must be decided by a jury. Accordingly, no later than **January 29, 2015**, the parties shall each provide briefing on this issue sufficient for the Court to decide the issue as a matter of law or shall direct the Court to remaining fact issues that would require submission of the issue to the jury. If the Court decides the issue as a matter of law, the Court will grant Park I-10's motion in limine item 9 because the prejudicial effect of such information outweighs its probative value. If fact issues remain on the asset exclusion issue, the Court will permit jury consideration only as necessary to resolve the fact issue.

It is so ORDERED.

SIGNED this 18th day of January, 2015.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE